IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANIEL G. WILLIAMS                                                              PLAINTIFF

vs.                                    Civil No. 2:15-cv-02233

CAROLYN W. COLVIN                                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Daniel G. Williams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying his application

for Child Insurance Benefits and Supplemental Security Income ("SSI") under Titles II and XVI of

the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed his disability applications on February 9, 2012. (Tr. 11, 147-156).

Plaintiff alleged he was disabled due to seizures.  (Tr. 169).  Plaintiff alleged an onset date of

February 5, 1012.   (Tr. 125).   These applications were denied initially and again upon

reconsideration.  (Tr. 61-79).  Thereafter, Plaintiff requested an administrative hearing on his

applications and this hearing request was granted.  (Tr. 80).

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages
for this case are referenced by the designation "Tr."

Plaintiff's administrative hearing was held on July 24, 2013.  (Tr. 26-56).  Plaintiff was present and was represented by counsel, Fred Caddell, at this hearing.  *Id.*  Plaintiff, his Grandmother Cora Combs, and Vocational Expert ("VE") Floyd Massey testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was twenty-one (21) years old and had a high school education.  (Tr. 19, 169).

On August 21, 2013, the ALJ entered an unfavorable decision denying Plaintiff's disability applications.  (Tr. 11-20).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 5, 2012.  (Tr. 13, Finding 2).  The ALJ also determined Plaintiff had the severe impairments of epilepsy, obesity, borderline intellectual functioning and a reading disorder.  (Tr. 13, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 21-25).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform a full range of work at all exertional levels but must avoid all exposure to hazardous machinery and unprotected heights; must avoid concentrated exposure to extreme heat and fumes, odors, dust, gases, and poorly ventilated areas; can perform simple, routine, and repetitive tasks that do not require complex written or verbal communication; no extensive communication; no more than a seventh grade reading ability; and no more than a third grade math computation ability.  (Tr. 16, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 19, Finding 6).  The ALJ found Plaintiff had no PRW.  *Id.*  The ALJ then considered whether Plaintiff retained the capacity

to perform other work existing in significant numbers in the national economy.  (Tr. 25, Finding 10).

The VE testified at the administrative hearing on this issue.  *Id.*  Based upon that testimony, the ALJ

determined Plaintiff retained the capacity to perform the following occupations: (1) retail bagger

with 120,710 such jobs in the nation and 921 such jobs in the state,  (2) janitor with 15,737 such jobs

in the nation and 133 such jobs in the state, and (3) cleaner with 133,887 such jobs in the nation and

1,146 such jobs in the state  *Id.*  Because Plaintiff retained the capacity to perform this other work,

the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from February

5, 2012 through the date of the decision.  (Tr. 20, Finding 11).

      Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision.  (Tr. 6-7).

*See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr.

1-3).  On October 30, 2015, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to

the jurisdiction of this Court on November 6, 2015.  ECF No. 6.  Both Parties have filed appeal

briefs.  ECF Nos. 12, 18.  This case is now ready for decision.

## 2.   <u>Applicable Law:</u>

      In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently.  *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**   **Discussion:**

In his appeal brief, Plaintiff claims the ALJ improperly considered his severe impairments and failed to find his headaches severe. ECF No. 12, Pgs. 4-7. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 18.

A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (*quoting* 20 C.F.R. § 416.920(c)). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § 416.921. Alleged impairments may not be considered severe when they are stabilized by treatment and otherwise are generally unsupported by the medical record. *Johnston v. Apfel*, 210 F.3d 870, 875 (8th Cir. 2000); *see also Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000) (plaintiff bears the burden to establish severe impairments at Step Two of the sequential evaluation).

Plaintiff claims the ALJ erred in failing to evaluate the severity of Plaintiff's impairments, specifically he did not find his headaches to be a severe impairment. ECF No. 12, Pg. 4-7. The Court finds the ALJ did not fail to evaluate the severity of Plaintiff's medically determinable impairments, but rather found the impairments to be non-severe.

To begin with, pain is a symptom, not an impairment. *See* 20 C.F.R. § 404.1529(a), *see also In re Heckler*, 751 F.2d 954, 955 n.1 (8th Cir. 1984) (noting that "pain is a symptom, not an impairment"). Furthermore, there is evidence in the decision showing the ALJ fully considered his

5

complaints of headaches. (Tr. 13-14).  As the ALJ noted, after discussing Plaintiff's limited treatment for headaches, "the claimant provided no evidence of further treatment with Dr. Hamby or emergency room visits where he complained of severe pain ..."  The ALJ also noted a computed tomography of Plaintiff's brain from February 2012 showed no acute intracranial abnormality, and there were no objective deficits identified in all the neurological portions of his physical examinations during the relevant period.  (Tr. 17).  The medical record of Plaintiff's treatment for headaches does not support a finding of Plaintiff's headaches being severe.

The discussion of Plaintiff's non-severe impairments along with the ALJ's language indicating that he fully considered all impairments, including those that were not severe, showed the ALJ considered the combined effect of Plaintiff's impairments.  *See Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011); *Raney v. Barnhart*, 396 F.3d 1007, 1011 (8th Cir. 2005).  Further, the ALJ properly found Plaintiff's headaches were not severe.

Based on the foregoing, the Court finds there is substantial evidence to support the ALJ finding he properly evaluated the severity of the Plaintiff's impairments and finding of Plaintiff being not disabled.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 11th day of October 2016.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE